AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

42 STONEHAVEN DRIVE, APARTMENT #202,
FREDERICKSBURG, VIRGINIA 22406

)
)
)
)
)
)

JUN 13 2018

Case No.  1:18-SW-326

UNDER SEAL

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
42 STONEHAVEN DRIVE, APARTMENT #202, FREDERICKSBURG, VIRGINIA 22406, as described in Attachment A.

located in the ___Eastern___ District of ___Virginia___ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(1) | Possession of Firearm by Convicted Felon. |

The application is based on these facts:

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

AUSA Dennis Fitzpatrick/SAUSA Christopher Kaltsas

*Applicant's signature*

Tyler Mensing, Special Agent, ATF

*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___June 13, 2018___

City and state:  Alexandria, Virginia

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

*Judge's signature*

Hon. Theresa Carroll Buchanan, U.S. Magistrate Judge

*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF VIRGINIA

## ALEXANDRIA DIVISION

|  |  |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) | |
| ) | Case No. 1:18-SW-326 |
| 42 STONEHAVEN DRIVE ) | |
| APARTMENT #202 ) | (UNDER SEAL) |
| FREDERICKSBURG, VIRGINIA 22406 ) | |
| ) | |
| ) | |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Tyler Mensing, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     Your affiant makes this affidavit in support of an application for a search warrant of a residence located at 42 STONEHAVEN DRIVE, APARTMENT #202, FREDERICKSBURG, VIRGINIA 22406 ("SUBJECT LOCATION"), within the Eastern District of Virginia.  The current resident of the SUBJECT LOCATION is JUAN CARLOS FLORES ("FLORES"), who is being investigated for possession of a firearm by a prohibited person, in violation of Title 18, United States Code, Section 922(g)(1).   The SUBJECT LOCATION is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under Federal Rules of Criminal Procedure 41(c) and 41(e)(2)(A).

2.     I have been a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since October 2014.  I have completed the ATF Special Agent training

course at the Federal Law Enforcement Training Center in Glynco, Georgia. The course covers practices and methods of illegal firearm possessors and traffickers and related federal criminal statutes. I have approximately four (4) previous years of law enforcement experience as a Deputy United States Marshal with the United States Marshals Service. I was also a police officer with the Metropolitan Police Department of Washington, D.C. ("MPD"), for approximately one and a half (1.5) years. I am presently a member of the ATF Washington Field Division's Washington Group II. As a Special Agent of the ATF, my duties and responsibilities include conducting criminal investigations of individuals and entities for possible violations of federal laws, particularly those laws found in Title 18 and Title 21 of the United States Code. I have previously participated in investigations, which resulted in the arrests, searches, and seizures of individuals and property. I have also participated in the use of cooperating informants, undercover agents, pen register/trap and trace devices, video surveillance, GPS tracking devices, search warrants, and audio surveillance, among other law enforcement techniques. Moreover, I have participated in numerous controlled buys of firearms and narcotics from targets of law enforcement investigations. I have also been involved in proactive and reactive cases.

3.       Pursuant to Title 18, United States Code, Section 3051, your affiant is empowered to enforce the criminal laws of the United States. As a result of your affiant's training and experience, the affiant is familiar with federal firearms laws including Title 18, United States Code, Section 922(g)(1) which makes it unlawful for anyone who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess firearms or ammunition.

2

4.      The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and observations of other federal and state investigators involved with the investigation.  All observations referenced below which were not personally made by me were related to me by the persons who made such observations.  This affidavit contains information necessary to support probable cause to execute a search and seizure warrant for the SUBJECT LOCATION.  It is not intended to include each and every fact and matter observed by me or known to the Government.

5.      Based on my training, experience, knowledge, and the facts as set forth in this affidavit, there is probable cause to believe that FLORES has violated federal law—specifically, the crime of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), among other crimes.  There is also probable cause to search the SUBJECT LOCATION described in Attachment A and to seize the evidence, instrumentalities, contraband and fruits of these crimes as further described in Attachment B.

## PROBABLE CAUSE

6.      On or about January 24, 2017, a citizen witness (hereinafter "Witness 1") purchased a Glock, Model 19, 9mm pistol, bearing Serial Number (SN) BCWA545 from The Gun Dude, a federal firearms licensee ("FFL"), located in Falls Church, Virginia, within the Eastern District of Virginia.

7.      On or about February 4, 2017, Witness 1 placed the firearm for sale online through Armslist.com, a website individuals use to purchase and sell firearms.  An individual later identified as FLORES contacted Witness 1 regarding the purchase of the firearm.  FLORES was

3

in contact with Witness 1 through a Gmail account with an email address of juangrows202@gmail.com. Witness 1 met FLORES at the Fair City Mall parking lot, located in Fairfax, Virginia, within the Eastern District of Virginia and sold the firearm to FLORES for $500.00. During the transaction, Witness 1 took a photograph of FLORES' Virginia Driver's License.

8.      Prior to the transaction, FLORES and Witness 1 used their cellular telephones, including the cellular phone number (540) 361-5196, which FLORES later identified as his phone number, to communicate with respect to the timing, price and location of the sale.

9.      On or about July 9, 2017, the Glock, Model 19, 9mm pistol, bearing Serial Number (SN) BCWA545 was recovered by law enforcement in Washington, D.C., with a one hundred and sixty-six (166) day time to crime, from its original purchase date to its recovery date. The firearm was recovered during a vehicle pursuit when an unknown suspect in a vehicle shot at a MPD vehicle occupied with four officers, the suspect fled the scene, crashed their vehicle, and the firearm was found near the area.

10.     On or about August 25, 2017, another SA and I interviewed Witness 1 at his residence in Fairfax, Virginia. During the interview, Witness 1 stated that he purchased the firearm and later sold it on Armslist.com. Witness 1 stated that he took a photograph of FLORES' Virginia Driver's License at the time of sale. Witness 1 stated that he saved text messages and emails from FLORES regarding the sale of the firearm and provided screenshots of the conversation between himself and FLORES in text and email messages. One of the emails Witness 1 provided law enforcement included an e-mail where FLORES identified his phone number as (540) 361-5196.

4

Witness 1 provided this SA a photograph of text messages between himself and a person using a cellular device bearing telephone number (540) 361-5196. This conversation concerned the sale of the aforementioned firearm.

11.     On or about August 25, 2017, your affiant ran FLORES' information through a criminal history background check through the National Crime Information Center (NCIC). Your affiant discovered that FLORES was convicted on January 17, 2004, of a felony in the District of Columbia for Carrying a Pistol Without a License.   FLORES was sentenced to 3 years incarceration with 3 years of supervised release, the execution of sentence suspended (ESS) all but 75 days.

12.     Utilizing investigative techniques, I was able to determine that the phone number FLORES provided to Witness 1 via e-mail is attached to a Facebook.com account for an individual with the user name of "Juan Flores."

13.     On or about March 5, 2018, another SA began investigating a firearms straw purchasing scheme perpetrated by SCOTT ANDREW STEWART ("STEWART"). The SA's investigation revealed that STEWART would purchase firearms on behalf of FLORES in exchange for payment or illegal narcotics.

14.     During the course of this investigation, I spoke with STEWART who indicated that he had purchased firearms from FFLs on behalf of FLORES. Another SA had previously obtained records from those FFLs confirming that STEWART purchased said firearms.   During the interview with STEWART stated that he communicated with FLORES through text messages as well as using Facebook Messenger, an application that both STEWART and FLORES maintain

5

on their cellular telephones.   STEWART permitted me to review his text messages and Facebook Messenger communications with FLORES, which were stored on his phone.

15.     Your affiant swore out a federal arrest warrant for FLORES on May 2, 2018, within the Eastern District of Virginia.   Your affiant and another SA attempted to execute the arrest warrant at FLORES' public address, which matched that of the SUBJECT LOCATION.   At the time your affiant attempted to execute the warrant, FLORES' domestic partner answered the door, identified herself, and indicated that FLORES lived at that address but was not home at that time.

16.     After arresting FLORES on May 17, 2018, pursuant to the judicially authorized arrest warrant, FLORES consented to a voluntary interview with your affiant while he was in custody.   During that interview, FLORES admitted that he used his telephone to get in contact with individuals from Armslist.com to purchase firearms, including using text messages.   During that same interview, FLORES indicated that he maintained contact with an individual he knows as "Loony," and that he purchases firearms with STEWART and other co-conspirators to re-sell to Loony.   According to FLORES, Loony contacts FLORES' telephone to indicate times to meet up to convey the details of the firearms he wants FLORES to purchase, at which time FLORES obtains the firearms either through Armslist.com or through straw purchasers such as STEWART. FLORES stated that he would, then, arrange to meet Loony in the District of Columbia to sell Loony the weapons in exchange for a profit of approximately $200 each firearm.   FLORES stated that he believed that Loony is associated with the "One-Four" gang, which operates in and around 14th Street, NW in Washington, D.C.

17.     I confirmed FLORES' address by finding it in various law enforcement databases, and confirming my searches with the property manager of the apartment complex in which FLORES' apartment is located prior to his arrest.

## LOCATION TO BE SEARCHED AND ITEMS TO BE SEIZED

18.     Based on my training and experience as well as my discussions with other experienced agents and investigators, I know that individuals, felons in particular, will keep some or all of their firearms in their residence, or nearby. Felons, because of the prohibition regarding the possession of firearms, will be more likely to hide firearms, ammunition, and other firearm accessories in areas where they will not be easily discovered by law enforcement. These areas may include their home(s), vehicle(s) and outbuilding(s) on their property. I also know these individuals will store firearms for extended periods of time, often times for many years. Therefore, your affiant believes that FLORES' residence still contains fruits, evidence, and/or instrumentalities of criminal activity.

19.     Further, it has been your affiant's experience that persons engaged in illegal activity who procure and possess firearms are not unlike any other persons who possess or purchase firearms in our society in that they typically maintain documents and records in their residences. The types of documents and records that your affiant is seeking includes: receipts and invoices of firearms, any documents relating to firearm purchases, or any other documents relating or referring to firearms, firearms parts, firearm accessories or firearm ammunition. These documents and records will normally be retained for long periods of time, often for many years. In this instance, the firearms were purchased for FLORES within only the past couple of years. Your affiant

7

believes that FLORES' current residence would contain documentary evidence of criminal activity.

20.     Statements from FLORES' domestic partner confirm that FLORES' address is 42 STONEHAVEN DRIVE, APARTMENT #202, FREDERICKSBURG, VIRGINIA 22406.

21.     I also confirmed FLORES' address by finding it in various law enforcement databases, and confirming my searches with the property manager of the apartment complex in which FLORES' apartment is located prior to his arrest.

22.     As described in Attachment B, I seek authorization to search for and seize: (1) items that constitute the fruits, evidence, contraband, and instrumentalities of violations of 18 U.S.C. § 922(g)(1), among other crimes, including firearms, ammunition, component parts of firearms, such as ammunition magazines (or "clips"), silencers, or laser sights; (2) the fruits, evidence, contraband and instrumentalities of these offenses, including firearms, ammunition, component parts of firearms, such as ammunition magazines (or "clips"), silencers, or laser sights; (3) indicia of FLORES' ownership or possession of firearms, ammunition, component parts of firearms, such as ammunition magazines (or "clips"), silencers, or laser sights, and where such items are found; (4) documents, records, photographs, videos, and communications, in physical, electronic or digital form, pertaining to the possession, purchase, receipt, sale or transfer of firearms, ammunition, component parts of firearms, such as ammunition magazines (or "clips"), silencers, or laser sights.

23. Facebook is a social networking site that has an associated Messenger application

that users access through an internet connection, either via a cellular telephone or a computer, whether tablet, laptop or desktop. FLORES frequently accesses Facebook messenger to communicate concerning firearms purchases, thus, there is probable cause to believe that he is using a cellular telephone or computer under his control to do so. In addition to the physical items of evidence and contraband sought for seizure pursuant to this search warrant, and as set forth in Attachment B, I seek authorization to search for electronic evidence of the possession, purchase, receipt, sale or transfer of firearms, ammunition, and component parts of firearms, such as ammunition magazines (or "clips"), silencers, or laser sights.

## CONCLUSION

24.     Based on the forgoing, I submit that this affidavit supports probable cause to believe that FLORES unlawfully possessed firearms in violation of Title 18 United States Code Section 922(g)(1), among other crimes, and that the fruits, evidence, contraband and instrumentalities of such crimes, as described in Attachment B, will be located on the premises of his residence at the SUBJECT LOCATION described in Attachment A.

25. This Court has jurisdiction to issue the requested warrant pursuant to Federal Rule of Criminal Procedure 41(b)(1). Specifically, "a magistrate judge with authority in the district ... has authority to issue a warrant to search for and seize a person or property located within the district." Fed. R. Crim. Proc. 41(b)(1).

26.     Based on the foregoing, I, therefore, respectfully request that the Court issue the proposed search warrant.

9

Respectfully submitted,

Tyler C. Mensing
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Subscribed and sworn to before me on June 13, 2018.

/s/

Theresa Carroll Buchanan
United States Magistrate Judge

The Honorable Theresa Carroll Buchanan
United States Magistrate Judge
Eastern District of Virginia

10

## ATTACHMENT A
## PROPERTY TO BE SEARCHED

The property to be searched is located at 42 STONEHAVEN DRIVE, APARTMENT #202, FREDERICKSBURG, VIRGINIA 22406, to include the house and electronic property located within the residence (computers and/or cellphones) belonging to FLORES, and any outbuildings belonging to FLORES. The residence is described as an apartment within an apartment complex. A picture of the SUBJECT PROPERTY (including the building and entrance to the apartment) is displayed below. Apartment #202 is located on the second level of the pictured complex and the numbers "202" are affixed above the entry door of the apartment.

11





## ATTACHMENT B
## ITEMS TO BE SEIZED

1.     Items that constitute the fruits, evidence, contraband, and instrumentalities of violations of 18 U.S.C. §922(g)(1), among other crimes, including, but not limited to: firearms, ammunition, and component parts of firearms, such as ammunition magazines (or "clips"), silencers, or laser sights.

2.     Indicia of ownership or possession of firearms, ammunition, or component parts of firearms, such as ammunition magazines (or "clips"), silencers, or laser sights, and where such items are found.

3.     Documents, records, photographs, videos, and communications, in physical, electronic or digital form, pertaining to the possession, purchase, receipt, sale or transfer of firearms, ammunition, or component parts of firearms, such as ammunition magazines (or "clips"), silencers, or laser sights.

4.     Records that establish the person(s) who has control, possession, custody or dominion over the property searched and from which evidence is seized, including but not limited to: personal mail, checkbooks, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, photographs (developed or undeveloped), and leases or rental agreements.

5.     Clothing worn by the suspect(s) during the video(s) and photograph(s) recording and any cellular telephones or tablets used to capture the videos and photographs.

6.     Any photographs and electronic photographs of suspect(s) in possession of firearm(s) pertaining to the crime of possession of a firearm by a convicted felon.

14

7.     Any electronic devices, including cellular telephones and computers, capable of storing messages used to communicate concerning the transfer of firearms, ammunition, receipts, bills of sale, and other information potentially related to the sale, transportation, or transfer of firearms.